UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PRATHER FITCH | CIVIL ACTION |
| v. | NO. 17-1548 |
| ENTERGY CORPORATION, ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court are two motions: (1) Hartford Fire Insurance Company's motion to dismiss third party demand; and (2) Entergy Louisiana, LLC's motion for leave to file first amended third party demand. For the reasons that follow, Entergy Louisiana, LLC's motion for leave to amend is GRANTED, and Hartford Fire Insurance Company's motion to dismiss is DENIED as moot.

**Background**

This is a personal injury case arising out of a one-vehicle accident.

Around 7:00 p.m. on September 13, 2016, Prather Fitch was riding as a passenger in a 2001 Chevy Tahoe driven by Larry Malley. They were traveling northbound along Louisiana Highway 23 in Plaquemines Parish near the intersection with Wallace Lane when a stray electrical wire hanging low or laying across the highway became tangled up in the trailer of the Tahoe, causing it to turn

1

around and jackknife on the highway. To recover for unspecified injuries he alleges he sustained as a result, Fitch sued Larry Malley, Viking Insurance Company, Entergy Corporation, and Telecommunications Management LLC d/b/a New Wave Communications. In an amended complaint, Fitch substituted Entergy Louisiana L.L.C. for Entergy Corporation. Entergy L.L.C. (ELL) filed a cross claim against New Wave and a third party complaint against Hartford Fire Insurance Company, which is New Wave's liability insurer. Fitch then added Hartford Fire Insurance Corporation as a defendant. Hartford now moves to dismiss ELL's third party demand and, in response to the argument raised in the motion to dismiss, ELL moves to amend its third party demand.

I.

In its original third party demand against Hartford, ELL alleges that it was Hartford's insured's (New Wave's) cable communication lines that were installed on Entergy's poles, that the lines were installed in violation of the National Electric Safety Code and other regulations, and that New Wave failed to install or maintain its lines at the proper height in the area where the Tahoe was traveling on September 13, 2016. ELL further alleges at paragraphs 27 and 28:

> [Hartford], as the insurer of Defendant New Wave, had in effect a policy/policies of insurance that was applicable to the accident described hereinabove. This

2

> policy was in full force and effect at the time of this accident.
>
> In the event ELL is cast in judgment in favor of the plaintiff on his main demand, then Third-Party Defendant Hartford must be condemned in judgment in favor of ELL for complete indemnity for all amounts for which ELL might be case in judgment on the main demand of plaintiff, including interest, attorneys' fees, and for reimbursement of all costs incurred by ELL, to investigate the facts surrounding the electrical contact; for all costs of these proceedings; and for any penalties found due and owing under law for failing to provide ELL a defense against the claims of the plaintiff.

Hartford moves to dismiss ELL's third party demand on the ground that a contractual indemnitee such as ELL lacks the procedural right to assert their contractual defense and indemnification claims directly against the alleged indemnitor's liability insurer; the indemnitee may only assert those claims against the alleged indemnitor (here, New Wave). In other words, insofar as ELL has sued Hartford as the insurer of New Wave, rather than asserting itself as an insured of Hartford, ELL's third party demand must be dismissed. Notably, ELL does not quarrel with the legal grounds advanced by Hartford in support of its motion to dismiss. Instead, in response to Hartford's motion to dismiss its third party demand, ELL moves to amend its third party demand "to clarify that upon information and belief it is an additional insured of Hartford." In its proposed amended third party complaint, among other allegations, ELL adds:

> Upon information and belief, at all times pertinent, Crossclaim Defendant New Wave complied with The Agreement, Article 19, subpart (f), by naming Third Party Plaintiff ELL as an additional insured in the insurance policy/policies New Wave maintained through Third Party Defendant Hartford.
>
> Upon information and belief,...Hartford provided a policy/policies of insurance that was in full force and effect on the day the accident at issue in this matter occurred. And, said policy/policies provided coverage for the type of loss sued upon herein, and therefore Third Party Defendant Hartford is liable to Third Party Plaintiff ELL as an additional insured.

Hartford does not oppose ELL's motion to amend its third party demand insofar as ELL now alleges that it qualifies as an additional insured of Hartford. However, Hartford argues that, insofar as ELL's amended third party demand can be read to re-allege the objectionable contractual indemnity theory of recovery, any such claim "remain[s] due to be dismissed." For its part, ELL argues that Hartford does not oppose its request to amend its third party demand and underscores that ELL's proposed amendment "resolve[s] the issues presented in Hartford's motion to dismiss."[1]

Where, as here, neither side opposes the other's motion, there is no dispute for the Court to resolve. To be sure, once a court grants leave to amend a pleading, a motion to dismiss directed toward the original pleading is moot. Accordingly, IT IS ORDERED:

---

[1] ELL submits that its "status as an additional insured forms the basis for this [amended] Third Party Demand."

that ELL's motion for leave to file its first amended third party demand is hereby GRANTED as unopposed, and Hartford's motion to dismiss ELL's original third party demand is DENIED as moot.

New Orleans, Louisiana, December 5 , 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE